IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Berl Keith Kapfs Brown

    Plaintiff,                    No. CIV S-04-1650 WBS CMK PS

    vs.

California Claims Board

    Defendant.              <u>ORDER</u>

_____/

      On March 10, 2005, the court filed an order dismissing plaintiff's complaint and giving him thirty days to file an amended complaint. On April 6, 2005, plaintiff filed an amended complaint.

      Plaintiff alleges that he was stopped on Highway 44 by a California Highway Patrol Officer who fraudulently and unlawfully used emergency lights to seize the plaintiff and the plaintiff's private automobile. Plaintiff seeks nine-million dollars in damages.

      Plaintiff is proceeding pro se and in forma pauperis. The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds that the allegations in plaintiff's complaint fail to state a claim upon which relief can be granted. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Although plaintiff's complaint is brief, it fails to give notice of the elements of his claim. Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. For instance, plaintiff does not detail any of the circumstances surrounding the stop, such as the events leading up to the stop, the duration of the stop or the outcome of the stop. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. In an abundance of caution, the court will grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

1 <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
2 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
3 original complaint, each claim and the involvement of each defendant must be sufficiently
4 alleged.

5       In accordance with the above, IT IS HEREBY ORDERED that:

6    1.    Plaintiff's complaint is dismissed and;

7    2.    Plaintiff is granted thirty days from the date of service of this order to file
8 an amended complaint that complies with the requirements of the Federal Rules of Civil
9 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
10 assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and
11 two copies of the amended complaint; failure to file an amended complaint in accordance with
12 this order will result in a recommendation that this action be dismissed.

13 DATED: May 10, 2005

16         S/Craig M. Kellison
        UNITED STATES MAGISTRATE JUDGE