IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERL KEITH BROWN

    Plaintiff,                        No. CIV S 04-1650 WBS CMK PS

    vs.

CALIFORNIA CLAIMS BOARD

    Defendant.                      ORDER

_____/

        Plaintiff, who is proceeding pro se and in forma pauperis has filed this claim for "compensation for an injury received at the hands of an officer of the State of California." (Doc. 3 at 2.) This matter came on for hearing on plaintiff's "Second Amended Notice of Motion and Motion for Claims" on July 7, 2005. At the hearing, the court dismissed plaintiff's motion and granted him leave to file a second amended complaint.

        <u>Procedural History</u>

        On December 16, 2004, the Board filed a motion to strike plaintiff's complaint, and plaintiff then filed a motion for summary judgment. Both motions came on for a hearing before the undersigned on March 9, 2005. At the hearing, the undersigned granted the Board's motion to strike. In an order filed March 10, 2005, the undersigned dismissed plaintiff's complaint with leave to amend within thirty days from the date of this order. (Doc. 11.) Plaintiff filed a First Amended Complaint on April 6, 2005. (Doc. 13.) On May 10, 2005, the

undersigned dismissed plaintiff's First Amended Complaint with leave to amend within thirty days from the date of this order. (Doc. 15.) Instead of filing a second amended complaint, on June 1, 2005 plaintiff filed a "Second Amended Notice of Motion and Motion for Claim of Damages," which came before the undersigned for hearing on July 12, 2005.

<u>Plaintiff's Claim</u>

Plaintiff's original complaint was titled "Petition to Reduce a Claim to Judgment" and was brought against the California Claims Board ("Board") . (Doc. 3.) Plaintiff alleged that on March 25, 1999 his private automobile was confiscated by a California Highway Patrol Officer. (<u>Id.</u>, Affidavit of Berl Keith Kapfs Brown.) Plaintiff stated that at the time of the seizure, he believed that it was legal. (<u>Id.</u>) In February 2004, plaintiff learned "from counsel" that the seizure of his automobile had been fraudulent. (<u>Id.</u>, Affidavit of Berl Keith Kapfs Brown.) Plaintiff filed a claim for compensation with the Board. (<u>Id.</u>) The Board denied the claim on the basis that more than one year passed since the March 1999 seizure of the automobile which formed the basis of plaintiff's claim and that it was too late because it was beyond one year. (<u>Id.</u>, April 12, 2004 letter from Board.) The basis for plaintiff's complaint in federal court was "the rejection of plaintiff's claim without consideration of the fraud committed by Kessinger [is] and arbitrary act." (<u>Id.</u> at 2.)   The undersigned dismissed this petition without prejudice on March 10, 2005, with leave to file an amended complaint.

Plaintiff's First Amended Complaint alleged that California Highway Patrol Officer John Kessinger fraudulently and unlawfully seized plaintiff's private automobile. (Doc. 13 at 2.) Plaintiff also listed only Kessinger as a defendant, apparently intending to terminate defendant Board from the claim. (<u>Id.</u>) Plaintiff states that he is bringing this action in federal court because he has "no other....remedy with which this controversy can be settled other than a Court of Common-Law." (<u>Id.</u> at 1.) The undersigned dismissed the First Amended Complaint with out prejudice and granted plaintiff thirty days to file a second amended complaint.

///

To date, plaintiff has not filed a second amended complaint. As noted above, he instead filed a "Second Amended Notice of Motion and Motion for Summary Judgment."

Discussion

The undersigned informed plaintiff at the July 12, 2005 hearing on his motion that the motion would be dismissed without prejudice. In an abundance of caution, plaintiff is granted an additional period of time to file a complaint which states a claim upon which relief can be granted. Plaintiff is once again cautioned that to state a claim upon which relief can be granted, plaintiff must detail the facts and elements giving rise to his claim. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984.) For instance, plaintiff does not detail the circumstances surrounding the traffic stop, the events leading to the seizure of his automobile or the reasons that he believes the seizure was fraudulent. Plaintiff's theory of the case, common-law jurisdiction, is also not a valid basis for jurisdiction in the federal courts. See 28 U.S.C. § 1331. Generally, allegations concerning a denial of federal constitutional rights by state actors are brought pursuant to 42 U.S.C. § 1983.[1]

Plaintiff is cautioned that should he decide to file a second amended complaint, he must comply with the requirements of Federal Rule of Civil Procedure 8(a)(2). He must describe how the alleged conduct has resulted in a denial of his federal constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Additionally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.

---

[1] The court makes no judgment as to whether jurisdiction would exist under 42 U.S.C. § 1983. California law determines the applicable statute of limitations for a § 1983 action. See Wilson v. Garcia, 471 U.S. 261 (1985). The applicable state limitations period is one year. See Cal. Code Civ. Proc. § 340(3); see also Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir.1994). Federal law governs when plaintiff's § 1983 claims accrued and when the limitations period begins to run. Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998). Under federal law, "the claim generally accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" Id. (citations omitted).

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's Second Amended Notice of Motion and Motion for Claim of Damages is dismissed without prejudice and;

2. Plaintiff is granted ninety days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: July 13, 2005.

                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE