IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERL KEITH BROWN

        Plaintiff,                      No. CIV S 04-1650 WBS CMK

     vs.

THE STATE OF CALIFORNIA and,
THE CALIFORNIA CLAIMS BOARD,[1]

        Defendants.               <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is proceeding pro se and in forma pauperis in this action. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(c)(21).

        By order filed July 14, 2005, the court issued an order dismissing plaintiff's "Second Amended Notice and Motion for Claim of Damages" and, in an abundance of caution, directed plaintiff to file a second amended complaint within ninety days. Plaintiff has now filed a second amended complaint.

///

---

[1] In the caption of his third amended complaint, plaintiff does not name any defendants. Instead he lists himself as "claimant, ex parte." However, he lists the State of California and the California Claims Board as parties in the body of his third amended complaint.

1

The court is required to screen complaints brought by pro se litigants proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See id. A claim is legally frivolous when it lacks an arguable basis either in fact or in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is legally frivolous if it is based upon an indisputably meritless legal theory. See Neitzke, 490 U.S. at 327. A complaint fails to state a claim upon which relief can be granted when a plaintiff can prove no set of facts in support of his claim that would entitle plaintiff to relief. See Conley v. Gibson, 355 U.S. 41 (1957). Unless it is clear that no amendment can cure its defects, a pro-se litigant is entitled to notice and opportunity to amend his complaint before dismissal. See Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000)(en banc).

**Procedural History**

On August 13, 2004, plaintiff filed a "Petition to Reduce a Claim to Judgment" and a motion to proceed in forma pauperis. (Docs.3 & 1.) Petitioner's request was granted and the court ordered the Clerk of the Court to file plaintiff's petition. (Doc. 2.) On December 16, 2004, defendant moved to strike plaintiff's complaint and plaintiff filed a motion for summary judgment. Both motions came on for hearing before the undersigned on March 9, 2005. At the hearing, the undersigned granted defendant's motion to strike. In an order filed March 10, 2005, the undersigned dismissed plaintiff's complaint with leave to amend within thirty days. (Doc. 11.) Plaintiff filed a first amended complaint on April 6, 2005 (doc. 13), which the court dismissed on May 10, 2005 with leave to amend within thirty days. (Doc. 15.) Instead of filing a second amended complaint, plaintiff filed a "Second Amended Notice of Motion and Motion for Claim of Damages," which came on for hearing before the undersigned on July 12, 2005. At the July 12, 2005 hearing, the court explained to plaintiff the deficiencies in his complaint and explained why summary judgment was not appropriate. In a written order dated July 14, 2005,

the court dismissed plaintiff's motion, explained the deficiencies in plaintiff's complaint, and granted plaintiff ninety days to file a second amended complaint.

**Plaintiff's Claim**

In his original complaint, the "Petition to Reduce a Claim to Judgment," plaintiff alleged that on March 25, 1999, his private automobile was confiscated by a California Highway Patrol Officer. Plaintiff stated that he believed the seizure was legal at the time but later came to the realization that the Officer's actions were fraudulent. Plaintiff then filed a claim, apparently for the value of his automobile, with the California Victim Compensation and Government Claims Board (Claims Board). The Claims Board denied plaintiff's claim as untimely, as the one year statute of limitations that plaintiff had to file his claim had run. Plaintiff alleged that "the Claims Board never considered [plaintiff's] statement on fraud...[a]nd the rejection of [the claim] without consideration of the fraud...is an arbitrary act and a dishonor of [plaintiff's] claim." (Doc. 3 at 2.)

Plaintiff's first amended complaint stated that California Highway Patrol Officer, John Kissinger, fraudulently seized plaintiff's automobile. (Doc. 13.) Plaintiff sought three million dollars for the unlawful stop and unlawful seizure of both plaintiff and his automobile. (Doc. 13.)

Plaintiff's second amended complaint, filed on September 7, 2005, states that plaintiff seeks a remedy for the state "breaking its contract." (Doc. 21 at 1.) Plaintiff alleges that the state has forfeited its right to the sovereign immunity that it enjoys under the Eleventh Amendment by virtue of "violating the office of trust." (Doc. 21 at 1-2.) Plaintiff further states that the defendants "knowingly and maliciously violated [plaintiff's] constitutional protections of the 9th and 5th Amendment[s]." Doc. 21 at 4-5.) He states that United States Judge Craig M. Kellison and Deputy Attorney General Reager tried to "entice and trick the [plaintiff] into re-litigating the case." (Doc. 21 at 7.) Plaintiff appears to argue that the doctrine of collateral estoppel applies with regard to his claim with the Claims Board. (Doc. 21 at 7.)

3

**Discussion**

Plaintiff's complaint suffers from two significant deficiencies. First, plaintiff names the state of California and Claims Board as defendants. These defendants, however, are immune from suit under the Eleventh Amendment. Additionally, plaintiff's substantive allegations are frivolous.

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies.[2] See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, plaintiff names the State of California and the Claims Board, both of which enjoy immunity under the Eleventh Amendment.

A district court may dismiss claims which are frivolous. See Neitzke, 490 U.S. at 327. A claim is legally frivolous if it is based on an indisputably meritless legal theory. See id. Here, plaintiff repeatedly states that his automobile was stolen, that his claim was adjudicated when plaintiff was stopped by the California Highway Patrol Officer on March 25, 1999, and that collateral estoppel applies in this case. Having reviewed plaintiff's claim, the undersigned is satisfied that it is based on a meritless legal theory.

///

///

---

[2] The California Victim Compensation and Government Claims Board is authorized to adjudicate money claims for damages against the state. See CA Code 13950 et seq. Other courts have found similar governmental units to be arms of the state. See e.g. Jones v. State of Michigan, 525 F.Supp. 636 (E.D.Mich.1981) (State Board of Dentistry was a state agency); Johnson v. Rodriguez, 943 F.2d 104 (1st Cir.1991) (Massachusetts Commission against Discrimination was a state agency); Darlak v. Bobear, 814 F.2d 1055 (5th Cir.1987) (Department of Health and Human Services was a state agency); Jackson v. Hayakawa, 682 F.2d 1344 (9th Cir.1982) (state university is state instrumentality); Lupert v. California State Bar, 761 F.2d 1325 (9th Cir.1985) (Board of Governors of State Bar was state agency); Ronwin v. Shapiro, 657 F.2d 1071 (9th Cir.1981) (Arizona Law Review was a state agency).

Case 2:04-cv-01650-WBS-CMK   Document 23   Filed 12/12/05   Page 5 of 5

**Conclusion**

Based on the foregoing, IT IS RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 9, 2005.

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE